746 A.2d 581

**UNION ELECTRIC CORPORATION, Appellant,**

**v.**

**BOARD OF PROPERTY ASSESSMENT, APPEALS & REVIEW OF ALLEGHENY COUNTY, Pennsylvania; Allegheny County; City of Pittsburgh and City of Pittsburgh School District, Appellees.**

**Kohn, Inc., Appellant,**

**v.**

**Board of Property Assessment, Appeals & Review of Allegheny County, Pennsylvania; Allegheny County; City of Pittsburgh and City of Pittsburgh School District, Appellees.**

Supreme Court of Pennsylvania.

Submitted Sept. 29, 1999.

Decided Feb. 23, 2000.

482

Robert R. Leight, Pittsburgh, for Union Elec. Corp. and Kohn, Inc.

Craig C. Stephens, Pittsburgh, for Property Assessments.

Kerry A. Fraas, Pittsburgh, for Allegheny County.

Ronald H. Pferdehirt, Pittsburgh, for City of Pittsburgh.

Ira Weiss, Claude C. Council, Jr., Isobel Storch, Pittsburgh, for Pittsburgh School Dist.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

NIGRO, Justice.

Appellants Union Electric Corporation and Kohn, Inc. appeal from the order of the Commonwealth Court affirming the order of the Court of Common Pleas of Allegheny County ("trial court") quashing their tax assessment appeals as untimely and refusing to accept their appeals *nunc pro tunc.* For the reasons set forth below, we reverse.

The relevant facts are undisputed. Appellants are owners, in fee, of property located in the City of Pittsburgh, Allegheny County. In January of 1996, Appellants received real estate assessment notices for their property for the 1996 tax year. As required by 72 P.S. § 5452.11, Appellants were prepared to file their appeals prior to the last day of February, 1996.[1] However, on February 13, 1996, without giving any reasons for doing so, the Allegheny County Board of Property Assessment, Appeals and Review ("Board") issued an order extending the time for filing tax assessment appeals from February 29, 1996 to April 1, 1996. Based upon the Board's extension, Appellants filed their appeals on March 27, 1996.

In March and April 1997, the Board held hearings on Appellants' tax assessment appeals and each Appellant re-

1. Section 5452.11 states in relevant part that "no appeals may be taken from assessments of properties after the last day of February of the year in which the assessment first becomes effective." 72 P.S. § 5452.11.

ceived a reduction.[2] Nevertheless, Appellants separately appealed those decisions to the trial court.[3] The City of Pittsburgh School District ("District") filed Motions to Quash Appellants' initial appeals to the Board because they were filed beyond the statutory deadline. The District argued that the Board had no legal or statutory basis to extend the filing deadline for tax assessment appeals beyond February 29, 1996. In response to the Motions to Quash, Appellants argued that they were entitled to appellate rights *nunc pro tunc*. The trial court granted the District's Motions to Quash, denying Appellants' request to appeal *nunc pro tunc*. The Commonwealth Court affirmed, holding that the trial court properly quashed the appeals because the Board had no authority to extend the filing deadline and denied relief *nunc pro tunc*.[4] This appeal followed.

This case raises an issue of first impression in which we must determine whether the Property Assessment, Appeals and Review Board's unauthorized extension of the filing deadline for tax assessment appeals is tantamount to a breakdown in the court's operations, justifying an appeal *nunc pro tunc*.

**2.** Union Electric's assessment was reduced from $136,720 to $125,000. Kohn's property assessment was reduced from $145,000 to $130,000.

**3.** The cases were later consolidated on appeal by consent of the parties.

**4.** The Commonwealth Court relied on *In Re Nomination Petition of Torres*, 99 Pa. Commw. 173, 512 A.2d 732 (1986), in determining that Appellants' appeals should be quashed. In *Torres*, the trial court extended the period for which objections to nomination petitions could be filed. The objectors filed their petition after the statutory deadline but within the extended deadline, and the trial court granted the petition to set aside the nomination petition. The candidate appealed, arguing that the judge was without authority to extend the statutory deadline. On appeal, the Commonwealth Court held that the order extending the deadline was void and that the objections to the nomination petitions were untimely. *Id.* at 176, 512 A.2d at 733.

While this case may seem to be relevant at first glance, it is, in fact inapposite. Whether the Board had the authority to extend the deadline is not at issue here. Rather, we must determine whether the Board's unauthorized extension of the appeals filing deadline constitutes fraud or a breakdown in the court's operations, thereby justifying an appeal *nunc pro tunc*. Noticeably absent from *Torres* is any discussion or analysis regarding *nunc pro tunc* appeals and what actions rise to the level of fraud or a breakdown in the court's operations. Without such analysis, *Torres* is inapplicable.

Initially, we note that our standard of review in determining the propriety of a denial of an appeal *nunc pro tunc* is whether the trial court abused its discretion. *Commonwealth v. Stock*, 545 Pa. 13, 16, 679 A.2d 760, 762 (1996). An abuse of discretion has been defined by this Court as "not merely an error of judgment." *Kelly v. County of Allegheny*, 519 Pa. 213, 217, 546 A.2d 608, 610 (1988) (citations omitted). This Court further noted that where "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." *Id.*

Section 5452.11 of Title Seventy–Two of the Pennsylvania Statutes states in relevant part that "no appeals may be taken from assessments of properties after the last day of February of the year in which the assessment first becomes effective." 72 P.S. § 5452.11. Furthermore, in this Commonwealth, an appeal cannot be extended as a matter of grace or mere indulgence. *Bass v. Commonwealth of Pennsylvania*, 485 Pa. 256, 259, 401 A.2d 1133, 1135 (1979).

Appellants concede that the Board is without power to extend the deadline for appealing tax assessments. *See* 72 P.S. § 5452.11. They argue, however, that the Board's negligent conduct in extending the tax assessment appeals deadline was a breakdown in the court's operations sufficient to allow their appeals *nunc pro tunc*. Appellants assert that the Board had the apparent authority to extend the filing deadline for the tax assessment appeals and that they reasonably relied on the Board's apparent authority. Since the actions of the Board were in violation of statutory law, Appellants characterize the Board's conduct as a breakdown in the court's operations. Thus, Appellants argue that they acted reasonably and in accord with the mandates of the Board in filing after the statutory deadline, and furthermore, that the unlawful conduct of the Board permits a *nunc pro tunc* appeal in order to prevent injustice, specifically, the loss of appellate rights. We agree.

■ Allowing an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. This Court has emphasized that the "principle emerges that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Commonwealth v. Stock*, 545 Pa. 13, 19, 679 A.2d 760, 764 (1996). Generally, in civil cases, an appeal *nunc pro tunc* is granted only where there was "fraud or a breakdown in the court's operations through a default of its officers." *Bass*, 485 Pa. at 259, 401 A.2d at 1135; *see also Stock*, 545 Pa. at 18, 679 A.2d at 763; *Hanoverian, Inc. v. Lehigh County Bd. of Assessment*, 701 A.2d 288, 289 (Pa.Commw.Ct.1997) ("[A] court may not extend that time period or allow an appeal *nunc pro tunc* absent a showing that extraordinary circumstances involving fraud, or its equivalent, duress, or coercion caused the delay in filing an appeal.").

The lower courts have laid the foundation in determining what kind of conduct constitutes a breakdown in the court's operations. *See Connor v. Westmoreland County Bd. of Assessment Appeal*, 143 Pa. Commw. 86, 598 A.2d 610 (1991) (Board was negligent where it mailed tax notices to the wrong address and the tax payer had never received notice of the tax assessments and was therefore denied opportunity to appeal); *Western Pennsylvania Water Co. v. Bd. of Property Assessment, Appeals and Review*, 124 Pa. Commw. 133, 555 A.2d 1357 (1989) (appeal *nunc pro tunc* granted where Board improperly failed to strike tax liens which were ruled null and void by the court); *Moore v. Commonwealth of Pennsylvania Bd. of Probation and Parole*, 94 Pa. Commw. 527, 503 A.2d 1099 (1986) (misdirection of recommitment decision amounted to negligence because Moore had failed to receive notice of the Board's decision); *Flynn v. Unemployment Compensation Bd. of Review*, 192 Pa.Super. 251, 253, 159 A.2d 579, 581 (1960) ("[W]here a claimant is *unintentionally misled* by an official who is authorized to act in the premises, the time may also be extended when it is possible to relieve an innocent party of injury consequent of such *misleading act.*") (emphasis added).

■ A careful reading of these cases demonstrates that there is a breakdown in the court's operations where an administrative board or body is negligent, acts improperly or unintentionally misleads a party. Thus, where an administrative body acts negligently, improperly or in a misleading way, an appeal *nunc pro tunc* may be warranted.

Here, the Board extended the filing deadline for tax assessment appeals in contravention of 72 P.S. § 5452.11. The Board acted without authority, in violation of express statutory language, and misled Appellants into believing that they had the ability to extend the filing deadline. Moreover, the Board was cloaked with the apparent authority to extend the deadline because it was the governmental reviewing body before which the appeals were filed and the Appellants reasonably relied on this appearance of authority. Under these circumstances, we find that the Board's negligent action in extending the filing deadline constitutes a breakdown in the court's operations such that Appellants' appeals should be permitted *nunc pro tunc*. Accordingly, the order of the Commonwealth Court is reversed and Appellants' tax assessment appeals are reinstated.

Justice CAPPY concurs in the result.