## Smith v. Brown

*Jeffrey Bradford Sibick* and *Richard Keim,* for appellees.

*Barry Wayne Smiley,* for appellants.

McINERNEY, *J.,* April 23, 2001—Charles T. Brown appeals from this court's order denying his petition for relief from judgment on award of arbitrators.

## I. BACKGROUND

On December 18, 1998, Brown's vehicle collided with appellee Sabrina Smith's vehicle and appellee sustained injuries as a result of the collision. On November 12, 1999, Sabrina and her passenger Sherman Smith filed suit against Brown. On February 23, 2000, American Independent Insurance Company filed suit against Brown in a related matter. On June 28, 2000, the Honorable Gary S. Glazer consolidated the Smiths' case with *American Independent Insurance Company v. Charles T. Brown* for purposes of discovery and arbitration only.[1] On Oc-

---

1. The consolidated cases are captioned *American Independent Insurance Company v. Charles T. Brown,* February term 2000, no. 2451; and *Sabrina Smith and Sherman Smith Jr. v. Charles T. Brown,* No-

tober 20, 2000, an arbitration hearing was scheduled. The arbitrators found for plaintiffs and Brown appealed. Unfortunately, Brown filed a notice of appeal only in *American Independent Insurance Company v. Charles T. Brown* and no notice was filed for *Sabrina Smith and Sherman Smith Jr. v. Charles T. Brown.* On December 15, 2000, judgment was entered on the award of arbitrators in favor of plaintiffs. On December 22, 2000, Brown filed a petition for relief from judgment on award of arbitrators. That petition was denied and dismissed with prejudice by this court on February 2, 2001. It is from this court's order of February 2, 2001, that Brown appeals.

In response to this court's order pursuant to Rule 1925(b), Pa.R.A.P., 42 Pa.C.S., Brown filed a concise statement of matters complained of on appeal alleging the following:

"(1) The court committed error of law and abused its discretion in denying defendant's petition for relief from judgment on award of arbitrators where a timely appeal had been filed but where the notice of appeal contained an incomplete court term and number.

"(2) The court committed error of law and abused its discretion in denying defendant's petition for relief from judgment on award of arbitrators where it is clear that defendant intended to file an appeal from the award of arbitrators in the consolidated cases *American Independent Insurance Company v. Charles T. Brown,* PCCP November term 1999, no. 1992 when the timely filed notice of appeal contained the caption '*American Inde-*

---

vember term, no. 1992. The lead case is *American Independent Insurance Company v. Charles T. Brown.*

*pendent Insurance Company & Sabrina Smith & Sherman Smith Jr. v. Charles T. Brown'* but contained only the court term and number of the lead case.

"(3) The trial court committed error of law and abused its discretion in denying defendant's petition for relief from judgment on award of arbitrators in failing to apply the same considerations in the present mutter as those which are applicable in determining whether to open a default judgment.

"(4) The trial court committed error of law and abused its discretion in denying defendant's petition for relief from judgment on the award of arbitrators where defendant undertook prompt action in attempting to correct the docket to reflect that an appeal was intended to be taken from both actions and not just the lead case.

## II. DISCUSSION

The thrust of Brown's argument is that this court abused its discretion and committed error of law by denying defendant's petition for relief from judgment on award of arbitrators where Brown had every intent to appeal the Smiths' award but mistakenly failed to file a second appeal including that court term and number.

Brown argues that his petition should not have been dismissed since the only flaw in the appeal was that it was filed under the wrong court term and number. Unfortunately for Brown, timing and procedures for taking an appeal are clear and unambiguous. Pa.R.C.P. 1308 provides a two-step procedure to perfect an appeal from a compulsory arbitration award. That two-step method requires (1) filing a notice of appeal with the prothonotary no later than 30 days after the entry of the award on the

docket, and (2) payment to the prothonotary of the appropriate fee. Pa.R.C.P. 1308(a)(1) and (2). By filing an appeal under only one court term and number and not both, defendant failed to file an appeal for the instant case. It should also be noted that the report and award of arbitrators contains the following instruction, which is the standard language appearing at the bottom of the second page of every report below the "Notice of entry of award":

"Separate appeals must be filed with the prothonotary pursuant to Pa.R.C.P. 1308, and the requisite fees paid, if two or more cases are consolidated for trial and/or discovery purposes. Only those cases which are appealed will be scheduled for a de novo hearing. Awards in cases not appealed will become final upon expiration of the appeal time."

Brown argues that his petition for relief from the award of arbitrators should be analyzed under the three part test which governs opening default judgments. Brown's argument is erroneous because the effect of opening the judgment following the arbitration would be to allow an appeal nunc pro tunc. Generally, in civil cases, an appeal nunc pro tunc is granted only where there was "fraud or a breakdown in the court's operations through a default of its officers." *Union Electric Corporation v. Board of Property Assessment, Appeals and Review of Allegheny County,* 560 Pa. 481, 486, 746 A.2d 581, 584 (2000).

A court may not extend the time period for filing an appeal "absent a showing that extraordinary circumstances involving fraud, or its equivalent, duress, or coercion caused the delay in filing an appeal." *Id.* Not one of these factors is present here.

This court did not abuse its discretion because a timely appeal was not filed. Defendant failed to file an appeal and then petitioned this court to open judgment.

This court is not unsympathetic to Brown's plight, however, the established rule in this Commonwealth clearly limits the ability of this court to afford Brown any relief. This is a case of attorney negligence. Negligence is not a sufficient reason to grant leave to file the appeal late. *In re In the Interest of C.K.,* 369 Pa. Super. 445, 535 A.2d 634 (1987). "The negligence of an appellant, or an appellant's counsel, or an agent of appellant's counsel, has not been considered a sufficient excuse for failure to file a timely appeal." *Bass v. Commonwealth,* 485 Pa. 256, 259, 401 A.2d 1133, 1135 (1979). Therefore, this court did not commit error or abuse its discretion by denying defendant's petition.

For the foregoing reasons, this court's order should be affirmed.