J-A06004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THE ALTMAN LAW FIRM, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| V.L. LAURIE WILLIAMS | |
| | No. 2525 EDA 2016 |

Appeal from the Order Entered August 4, 2016
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2015-07155-CT

BEFORE:  PANELLA, J., SHOGAN, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 31, 2017**

Appellant, The Altman Law Firm, LLC ("the Law Firm"), sued a former client, Appellee, V.L. Laurie Williams, alleging that she had failed to pay her fees. A panel of arbitrators found in favor the Law Firm, but for only $15,000, or slightly less than half of the amount the Law Firm requested. The Law Firm appealed the arbitration award to the Court of Common Pleas. After a bench trial, the court found in favor of the Law Firm, but reduced the award even further, to the amount of $6,400.

The Law Firm did not file a timely motion for post-trial relief, resulting in the waiver of issues the Law Firm desired to pursue on appeal. Twenty-two days after judgment was entered, the Law Firm filed a motion requesting post-trial relief *nunc pro tunc*. The trial court denied the motion, and this timely appeal followed.

On appeal, the Law Firm argues that the trial court erred in denying it permission to file a post-trial motion *nunc pro tunc*. *Nunc pro tunc* relief is an exception to the general rule that deadlines are absolute. *See Union Elec. Corp. v. Bd. Of Prop. Assessments, Appeals & Review of Allegheny Cty.*, 746 A.2d 581, 584 (Pa. 2000). As such, it is restricted to cases where "extraordinary circumstances" have caused a litigant to lose an important right. *Id*. (citation omitted).

We review the denial of *nunc pro tunc* relief for an abuse of the trial court's discretion. *See Vietri ex rel. Vietri v. Delaware Valley High School*, 63 A.3d 1281, 1284 (Pa. Super. 2013). "An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, or ill will." *Id*. (citation omitted).

"Generally, in civil cases [*nunc pro tunc* relief] is granted only where there was fraud or a breakdown in the court's operations through a default of its officers." *Union Elec. Corp.*, 746 A.2d at 584 (citation omitted). However, such relief is also available in circumstances where the movant demonstrates that (1) the deadline was missed due to "nonnegligent circumstances," (2) the required filing was made shortly after the deadline expired, and (3) the opposing party was not prejudiced by the delay. *Vietri*, 63 A.3d at 1284 (citation omitted).

Here, the Law Firm asserts that hip surgery incapacitated its attorney, Jonathan F. Altman, Esquire, shortly after the end of trial, and he was not able to return to his office until after the deadline for filing post-trial motions had expired. The trial court concluded that this excuse did not constitute "nonnegligent circumstances:"

> Instantly, Appellant has not claimed that counsel's surgery was unforeseen. Nor has it provided any information that counsel attempted to arrange for substitute counsel to attend to his cases during his post-surgery recovery. Thus, Appellant has established neither fraud, nor a breakdown in the court's operations, nor non-negligen[t] happenstance causing Appellant's failure to timely file post-trial motions.

Trial Court Opinion, 10/4/16, at 3.

This Court has consistently held that where counsel was absent from his office for an extended period, but failed to make arrangements to cover his professional obligations, *nunc pro tunc* relief was not appropriate. **See, e.g., Freeman v. Bonner**, 761 A.2d 1193, 1196 (Pa. Super. 2000); **In re Interest of C.K.**, 535 A.2d 634, 639 (Pa. Super. 1987). The Law Firm attempts to distinguish these cases by noting that they involved the illnesses of family members of counsel, and not the disability of counsel themselves.

We find this distinction unavailing. While there may be some weight to the argument that an unexpected incapacitation of counsel himself is more conducive to a finding of non-negligent circumstances, the Law Firm has not argued that counsel's hip surgery was an emergency surgery. Indeed, the Law Firm does not challenge the trial court's observation that the Law Firm

- 3 -

did not claim that counsel's surgery was unforeseen. As a result, we cannot conclude that the trial court abused its discretion when it denied the Law Firm *nunc pro tunc* relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2017