J-A27024-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILLIP GRAYSON | : | |
| | : | |
| Appellant | | No. 169 WDA 2017 |

Appeal from the Judgment of Sentence September 19, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003163-2015

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: FILED OCTOBER 20, 2017

Appellant, Phillip Grayson, appeals from the judgment of sentence entered following his convictions of corruption of minors, indecent assault of a person less than thirteen years of age, and endangering the welfare of children.[1] We quash this appeal because Appellant filed his notice of appeal beyond the time period permitted by law.

The question of timeliness of an appeal is jurisdictional. Commonwealth v. Moir, 766 A.2d 1253, 1254 (Pa. Super. 2000). Pursuant to Pa.R.A.P. 903, "[T]he notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

_____

[1] 18 Pa.C.S. §§ 6301(a)(i), 3126(a)(7), 4304(a), respectively.

"[T]ime limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." Commonwealth v. Valentine, 928 A.2d 346, 349 (Pa. Super. 2007) (quotations and citation omitted). See also Pa.R.A.P. 105(b) ("T]he court may not enlarge the time for filing a notice of appeal").

Pa.R.Crim.P. 720 addresses post-sentence procedures and appeals, and provides, in relevant part: "If the defendant files a timely post-sentence motion, the notice of appeal shall be filed ... within 30 days of the entry of the order deciding the motion[.]" Pa.R.Crim.P. 720(A)(2)(a). The comment to Rule 720 instructs that, "[u]nder paragraph (B)(3)(a) [regarding time limits for the court's decision on a post sentence motion], on the date when the court disposes of the motion ... the judgment becomes final for purposes of appeal." Pa.R.Crim.P. 720 cmt. The comment also directs: "If the trial judge decides the motion within the time limits of this rule, the judge may grant reconsideration on the post[-]sentence motion pursuant to 42 Pa.C.S. § 5505 or Pa.R.A.P. 1701.1 [sic], but the judge may not vacate the sentence pending reconsideration." Id. (citing Pa.R.Crim.P. 720(B)(3)).

Regarding the effect of the filing of motions for reconsideration on the tolling of an appeal period, we are mindful of the following:

> [T]he trial court must expressly grant reconsideration within thirty days of entry of its order. Pa.R.A.P. 1701. Failure to expressly grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration. Therefore, as the comment to Pa.R.A.P. 1701 explains, although a party may petition the court

for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition. Moreover, we have consistently held that an appeal from an order denying reconsideration is improper and untimely.

Moir, 766 A.2d at 1254 (citations to case law and quotation marks omitted).

Our review of the certified record reflects that, pursuant to an agreement, on September 19, 2016, Appellant entered a guilty plea to the crimes stated above.[2] On that date, the trial court sentenced Appellant to serve an aggregate term of probation of twelve years with conditions including: no contact with the victim, no contact with any minors, no possession of sexual paraphernalia, and no internet access. On September 28, 2016, Appellant filed a post-sentence motion seeking to withdraw his guilty plea. The trial court held a hearing, and in an order dated December 7, 2016, and filed on December 12, 2016, it denied the post-sentence motion. Appellant filed a motion for reconsideration on December 16, 2016, which was denied in an order dated January 6, 2017, and filed on January 10, 2017. Appellant filed his notice of appeal on January 20, 2017.

Under Pa.R.Crim.P. 720, the thirty-day appeal period began to run on December 12, 2016, when the trial court denied the post-sentence motion.

_____

[2] Under the plea agreement, charges of aggravated indecent assault of a child (18 Pa.C.S. §3125(b)) and unlawful contact with minors (18 Pa.C.S. §6318(i)) were withdrawn.

In order to be timely, Appellant's notice of appeal should have been filed on or before January 11, 2017. However, the notice of appeal was filed on January 20, 2017. Therefore, this appeal is patently untimely.[3]

However, "before our Court may quash [an] appeal, we must determine whether an administrative breakdown in the court system excuses the untimely filing of the notice of appeal." Commonwealth v. Patterson, 940 A.2d 943, 498 (Pa. Super. 2007). A breakdown in the judicial system occurs where an administrative body acts negligently or improperly or misleads a party. Union Electric Corp. v. Board of Property Assessment, Appeals & Review of Allegheny County, 746 A.2d 581, 584 (Pa. 2000). Negligence of an appellant, an appellant's counsel, or counsel's agent is not a sufficient excuse. Bass v. Commonwealth, 401 A.2d 1133, 1135 (Pa. 1979).

In an effort to excuse the untimely filing of this appeal, the learned dissent concludes that the trial court did not adhere to the mandates of Pa.R.Crim.P. 704(C)(3)(a), which require that a trial judge determine on the record that a defendant has been advised of his rights to file a post-sentence motion and to appeal, and their applicable time frames. However, we observe

_____

[3] Although Appellant filed a motion for reconsideration of the December 12, 2016 order denying his post-sentence motion, the trial court did not expressly grant reconsideration. Therefore, the appeal period was not tolled. See Moir, 766 A.2d at 1254 (explaining appeal period is only tolled where the court expressly grants reconsideration within thirty days of its order). Consequently, Appellant's notice of appeal was untimely.

that the comment to Rule 704 permits the use of a written colloquy to satisfy the dictates of paragraph (C)(3).

Our review of the record reflects that the trial court did meet this requirement of Rule 704. Specifically, the following transpired on September 19, 2016:

> THE COURT: You filled out the Guilty Plea Explanation of Defendant's Rights. Did you read, understand and answer all the questions?
>
> [Appellant]: Yes, ma'am.
>
> THE COURT: Did you do so while your attorney was present?
>
> [Appellant]: Yes, ma'am.

N.T., 9/19/16, 4.

Likewise, our review of the certified record reveals that, on September 19, 2016, Appellant completed and signed, along with his defense counsel, an eleven-page "guilty plea explanation of defendant's rights" form. Guilty Plea Explanation of Defendant's Rights, 9/19/16, at 1-11. This form included highly specific details pertaining to Appellant's rights to file a post-sentence motion and to appeal, the time within which Appellant must exercise those rights, and of the right to the assistance of counsel in the preparation of the motion and appeal. Id. at 7-8.

In addition, the following transpired before the close of the proceeding:

> THE COURT: . . . Do you understand the proceedings and your appellate rights?
>
> THE DEFENDANT: Yes, ma'am.

N.T., 9/19/16, at 6. Accordingly, pursuant to Pa.R.Crim.P. 704(C)(3)(a), the trial judge determined on the record that Appellant had been properly advised of his pertinent appellate rights. Thus, the mandates of Rule 704 have been satisfied.

The dissent also takes umbrage with the contents of the order denying Appellant's timely filed post-sentence motion because the order did not provide Appellant additional notice of his appellate rights pursuant to Pa.R.Crim.P. 720(B)(4)(a). The dissent correctly notes that we have concluded that a trial court's failure to comply with [Pa.R.Crim.P.] 720 constitutes a breakdown that excuses the untimely filing of [an a]ppellant's notice of appeal." Patterson, 940 A.2d at 500. In Patterson, the trial court failed to comply with Rule 720(B)(4) and advise the appellant of the relevant deadlines for appeal purposes following the disposition of his untimely post-sentence motion. Because the untimely post-sentence motion did not toll the appeal period, the appellant in Patterson then had approximately two weeks in which to file a timely appeal following the denial of his untimely post-sentence motion. Accordingly, we found that the trial court's failure to comply with Rule 720(B)(4) constituted a breakdown so as to excuse the appellant's untimely filing of his notice of appeal.

Instantly, however, our review of the certified record reflects that Appellant filed a timely post-sentence motion and appended a proposed order to that motion, which did not include the relevant language set forth under

Rule 720. The trial court, in denying Appellant's post-sentence motion, utilized the proposed order that Appellant appended to his post-sentence motion. See Post-Sentencing Motion, 9/28/16, at 5, Order 12/12/16. Appellant then had a full thirty days in which to file a timely notice of appeal. Rather than doing so, however, Appellant filed a motion for reconsideration that unsuccessfully tolled the appeal period. We fail to see how the trial court's action in utilizing the proffered order presented by Appellant in his post-sentence motion, and filing it on December 12, 2016, amounts to evidence of fraud or a breakdown of court processes.

Hence, we conclude that we are without jurisdiction to entertain this matter and are constrained to quash this appeal. However, our conclusion in no way prejudices Appellant's ability to seek a nunc pro tunc direct appeal from the judgment of sentence, or to file a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S §§ 9541-9546.

Appeal quashed.

Judge Musmanno joins the Memorandum.

P.J.E. Bender files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 7 -

Date:  <u>10/20/2017</u>