J-S14045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREEK JOHNSON | : | |
| | : | |
| Appellant | : | No. 2563 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 10, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0003594-2016

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED APRIL 1, 2019**

Tyreek Johnson (Johnson) appeals from the judgment of sentence entered on May 10, 2018, by the Court of Common Pleas of Delaware County (trial court) after a violation of probation hearing.  Johnson's appointed counsel seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We quash the appeal and grant counsel's petition.

We take the following pertinent facts and procedural history from our review of the certified record.  On August 15, 2016, Johnson pleaded guilty with the assistance of counsel to two counts each of Retail Theft and

_____

* Retired Senior Judge assigned to the Superior Court.

Conspiracy and one count of Possession of Marijuana.[1]  The trial court

sentenced him to two years of probation.  After Johnson violated the

probation, the court re-sentenced him to immediate parole and two years of

consecutive probation.  On May 10, 2018, after a second probation violation,

the court resentenced Johnson to an aggregate term of not less than one nor

more than two years' incarceration to be served concurrent to a sentence he

was then serving in Philadelphia.  Over three months later, Johnson filed an

untimely *pro se* notice of appeal in which he challenges his sentence and

alleges that he had asked counsel to file an appeal but he failed to do so.

(Notice of Appeal, 8/28/18, at 1).[2]  Appointed appellate counsel has filed an

**Anders** brief and petition to withdraw.[3]

Before addressing the substantive merits of Johnson's appeal, we must

determine whether we have jurisdiction to do so.  This Court acquires

---

[1] 18 Pa.C.S. §§ 3929(a)(1) and 903, and 35 P.S. § 780-113(a)(31),
respectively.

[2] The notice of appeal is a letter requesting appellate relief that Johnson sent
to the trial court's chambers.  The court added to the notice of appeal the
three criminal docket numbers at which it sentenced Johnson at the May 10,
2018 violation of probation hearing.  It then filed it separately in each criminal
case.  In addition to this appeal, this notice of appeal forms the basis of two
other appeals in this Court, one for each criminal docket number.  **See
Commonwealth v. Johnson**, 2564 EDA 2018 (trial court docket number
7548-2018); **Commonwealth v. Johnson**, 2565 EDA 2018 (trial court
docket number 7549-2018).

[3] Counsel has substantially complied with the procedural requirements for
withdrawal pursuant to **Anders**.  **See Commonwealth v. Lilley**, 978 A.2d
995, 997 (Pa. Super. 2009).

jurisdiction when a litigant files a notice of appeal within thirty days of a final order. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007); *see also* Pa.R.A.P. 903(a). This jurisdictional prerequisite is fundamental and strictly construed. *See Commonwealth v. Reibow*, 445 A.2d 1219, 1220 (Pa. Super. 1982). If an appeal is untimely, we lack jurisdiction to hear it and must quash. *See Wrecks*, *supra* at 1289.

Generally, an appellate court cannot extend the time for filing an appeal. *See Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007), *appeal denied*, 960 A.2d 838 (Pa. 2008) ("A court may not enlarge the time for filing a notice of appeal as a matter of grace or indulgence."); Pa.R.A.P. 105(b). We may only hear an untimely appeal in the case of fraud or a breakdown in the administrative operations of the courts. *See Bass v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979). A breakdown in the judicial system occurs where an administrative body acts negligently or improperly or misleads a party. *See Union Elec. Corp. v. Board of Property Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581, 584 (Pa. 2000). Negligence of an appellant, an appellant's counsel or counsel's agent is not a sufficient excuse. *See Bass*, *supra* at 1135.

Instantly, the court sentenced Johnson on May 10, 2018, and counsel advised him of his post-sentence and appellate rights and their deadlines. (*See* N.T. Hearing, 5/10/18, at 26-27). Additionally, the record does not reflect any extraordinary circumstances such as a breakdown of the court.

*See Union Elec. Corp.*, *supra* at 584; *Bass*, *supra* at 1135. However, he did not file a post-sentence motion and he filed his notice of appeal over three months' after the court imposed his sentence. Therefore, Johnson's notice of appeal is patently untimely and divests this Court of jurisdiction.

Moreover, to the extent that we could construe his notice of appeal to allege that it is untimely due to the ineffectiveness of counsel, we are precluded from considering this claim because it is a matter seeking collateral relief. An unjustified failure to file or perfect a requested appeal "falls beneath the range of competence demanded of attorneys in criminal cases" and creates the presumption that counsel was ineffective. *Commonwealth v. Lantzy*, 736 A.2d 564, 571-72 (Pa. 1999). However, our Supreme Court has expressly held that a petitioner has no right to pursue reinstatement of his appeal rights *nunc pro tunc* based on the ineffective assistance of counsel, outside the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. *See Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001); *see also Lantzy*, *supra* at 570 ("[T]he PCRA provides the exclusive remedy for post-conviction claims seeking restoration of appellate rights due to counsel's failure to perfect a direct appeal[.]").

Accordingly, to restore his direct appeal rights, Johnson must follow the procedures set forth in the PCRA; we cannot grant collateral relief in the context of an untimely direct appeal over which we lack jurisdiction. For all

J-S14045-19

of these reasons, we quash Johnson's untimely appeal and grant counsel's petition to withdraw.

Appeal quashed. Petition granted.

Judge Lazarus joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/19