J-A07004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTOPHER MARTIN, INDIVIDUALLY AND AS TRUSTEE OF THE DANIEL R. PAUL AND SUSAN L. PAUL IRREVOCABLE ASSET PROTECTION TRUST DATED 12/14/11 | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : : | |
| v. | : : : : : | |
| SUSAN L. PAUL, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DANIEL R. PAUL AND COREY W. MARTIN, INDIVIDUALLY AND AS TRUSTEE OF THE DANIEL R. PAUL AND SUSAN L. PAUL IRREVOCABLE ASSET PROTECTION TRUST DATED 12/14/11 | : : : : : : : : : | No. 823 MDA 2020 |

Appeal from the Order Entered May 14, 2020
In the Court of Common Pleas of Columbia County Orphans' Court at
No(s):  2016-OC-142

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: MAY 11, 2021**

Christopher Martin, individually and as trustee of the Daniel R. Paul and Susan L. Paul Irrevocable Asset Protection Trust Dated December 14, 2011 ("the Trust"), appeals from the May 14, 2020 order that denied his petition to appeal *nunc pro tunc* from the September 27, 2019 order requiring the sale of a trust asset and removing the trustee.  Upon review, we conclude that the trial court erred in ruling that the prothonotary's failure to comply with the

_____

[*] Former Justice specially assigned to the Superior Court.

mandates of Pa.R.C.P. 236 was not breakdown in court operations. However, we also hold that *nunc pro tunc* relief is unnecessary for Appellant to file a timely appeal from the September 27, 2019 order because the result of the breakdown is that the appeal period has not begun to run. Accordingly, we vacate the trial court's order denying *nunc pro tunc* relief, and remand for the prothonotary to docket the September 27, 2019 order in full compliance with Rule 236. Thereafter, Appellant shall have thirty days to file a timely notice of appeal from that order.

Since the facts regarding the substantive issues in this case are not pertinent to this appeal, we do not recite them in detail. Suffice it to say that this litigation is an intra-family dispute over a Trust asset. The orphans' court rendered a decision in January 2018 following a bench trial awarding the asset to Appellant, but in an appeal by the now-Appellees, this Court vacated the order and remanded for further proceedings. **See Martin v. Paul**, 216 A.3d 349 (Pa.Super. 2019) (unpublished memorandum). On remand, the orphans' court issued a new final decision on September 16, 2019, which was listed on the docket on September 27, 2019. The docket entry does not specify that it was served on the parties or their counsel, but merely states: "Copies issued by the Court Admin." **See** Docket Report, 9/23/20, at 4.

On January 7, 2020, Appellant filed an application for leave to appeal the September 27, 2020 order *nunc pro tunc*. He asserted therein that counsel was not served with the order and did not become aware of its

existence until he called the prothonotary's office on January 7, 2020, to inquire about the status of the case. ***See*** Application for Leave to Appeal *Nunc Pro Tunc*, 1/7/20, at ¶¶ 2-11.

Following discovery and the creation of an evidentiary record, the orphans' court denied Appellant's petition by opinion and order filed May 14, 2020. It concluded "that Appellant did not make an honest effort" in only inquiring about service of the order three months after its entry. Orphans' Court Opinion, 9/22/20, at 5-6. It further indicated "that the record does not support a finding of extraordinary circumstances that would amount to fraud, duress coercion or a breakdown in the court's operation through default of its officers." ***Id***. at 6.

Notably, the docket entry for the May 14, 2020 order includes the notation: "One copy to Atty James Nanovic by regular mail. One copy to Atty C Brian Crane by office mailbox." ***See*** Docket Report, 9/23/20, at 5. Accordingly, Appellant filed a timely notice of appeal from that order on June 11, 2020. Thereafter, both Appellant and the orphans' court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our disposition:

I.  Did the [orphans'] court fail to provide proper notice to the Appellant of [its] September 16, 2019 [order]?

II. Does the prothonotary's failure to provide proper notice of a final order constitute a breakdown of the court's operation so as to warrant *nunc pro*[ ]*tunc* relief?

III. Did the [orphans'] court abuse its d[i]scretion and/or commit an error of law in the denying [of] Appellant's petition for *nunc pro tunc* relief despite finding "non-negligent grounds have been shown by the [Appellant] for the late filing that amount to a fraud or breakdown of the court's operation"?

Appellant's brief at 4 (unnecessary capitalization omitted).

We begin with a review of the applicable law. Denial of an appeal *nunc pro tunc* is within the discretion of the orphans' court, and we will reverse only for an abuse of that discretion. ***Fischer v. UPMC NW.***, 34 A.3d 115, 120 (Pa.Super. 2011) (internal quotation marks omitted). An abuse of discretion is not a mere error in judgment. Rather, it is "where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, [that] discretion is abused." ***Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.***, 746 A.2d 581, 583 (Pa. 2000) (internal quotation marks omitted).

Our Supreme Court has described the need for *nunc pro tunc* relief as follows:

> Allowing an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. . . . [A]n appeal *nunc pro tunc* is intended as a remedy to **vindicate the right to an appeal where that right has been lost** due to certain extraordinary circumstances. Generally, in civil cases, an appeal *nunc pro tunc* is granted only where there was fraud or a breakdown in the court's operations through a default of its officers.

***Id***. at 584 (cleaned up, emphasis added).

The Rules of Civil Procedure supply duties of prothonotaries in the operation of courts. In particular, Rule 236 provides that a prothonotary shall immediately give written notice to each *pro se* party and each party's counsel of the entry of, *inter alia*, orders and judgments. *See* Pa.R.C.P. 236(a)(2). Further, "[t]he prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents." Pa.R.C.P. 236(b).

A prothonotary's fulfillment of the docketing of Rule 236 notice is what triggers the commencement of the appeal period. This Court explained as follows:

> Rule of Appellate Procedure 108(b) designates the date of entry of an order as the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b). Our Supreme Court has held that an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given. **Where there is no indication on the docket that Rule 236(b) notice has been given, then the appeal period has not started to run.** Our Supreme Court has expressly held that this is a bright-line rule, to be interpreted strictly. That the appealing party did indeed receive notice does not alter the rule that the 30–day appeal period is not triggered until the clerk makes a notation on the docket that notice of entry of the order has been given.

*In re L.M.*, 923 A.2d 505, 508-09 (Pa.Super. 2007) (cleaned up, emphasis added).

We have made it clear that, "[p]ursuant to Rule 236, it is **the prothonotary's** duty to give written notice of entry of the order . . . and to note on the docket that notice was given." *Fischer*, *supra* at 121 (emphasis

- 5 -

added). "The Rule does not authorize transfer of the prothonotary's duty to others." *Id*. at 122. Further, "[l]ocal practice cannot excuse non-compliance with the mandate of a Rule of Civil Procedure." *Id*. at 121.

Turning to the certified record in the case *sub judice*, the docket printout reveals many properly-entered orders, including the May 14, 2020 opinion and order denying Appellant's petition for allowance of appeal *nunc pro tunc*, which list the date, a description of the filed document, and the notations: "One copy to Atty James Nanovic by regular mail. One copy to Atty C Brian Crane by office mailbox." *See* Docket Report, 9/23/20, at 5. However, the entry for the September 27, 2019 order contains no such notation. Rather it provides only: "Copies issued by the Court Admin." *Id*. at 4. Both the failure of the prothonotary's office to issue the notice itself, rather than delegate that duty to "Court Admin.," and its failure to note Rule 236 notice on the docket, plainly constitute a breakdown of the court systems. *See Fischer*, *supra* at 121 (holding prothonotary's delegation of service to the court reporter and failure to note service on the docket "was a breakdown in the court operations"). The trial court erred in holding otherwise.

Yet, despite trial court's error in not recognizing the clear breakdown, we hold that *nunc pro tunc* relief is not necessary in this case "to vindicate the right to an appeal where that right has been lost." *Union Electric, supra* at 584 (cleaned up). Rather, based on the precedent discussed above, the September 27, 2019 order has not yet been entered for purposes of triggering

- 6 -

Appellant's right to appeal. That order will not be properly entered, and thereby rendered appealable, until the prothonotary notes on the docket that written notice was given to the parties or their counsel of record in accordance with Rule 236. *See*, *e.g.*, *Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa. 1999) ("Since Frazier perfected the present appeal within thirty days after the actual notation upon the docket pursuant to Rule 236(b), such appeal was timely."); *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1122 (Pa.Super. 2004) (ruling appeal filed within 30 days of docket entry concerning Rule 236(b) notice was timely although it was more than thirty days from date the order was filed); *Jara v. Rexworks Inc.*, 718 A.2d 788, 791 (Pa.Super. 1998) (holding appeal from order filed November 27, 1996 was timely filed on January 3, 1997 because "[i]t was not until December 9, 1996, that a notation appears on the docket that notice was sent"). *Cf. Fischer*, *supra* at 121 (holding, despite lack of Rule 236 compliance by prothonotary, that *nunc pro tunc* relief was improperly denied where this Court had erroneously quashed prior appeal from un-entered order as untimely and directed the appellant to seek *nunc pro tunc* relief in the trial court).

Further, the fact that Appellant has since received notice of the filing of the order "does not alter the rule that the 30–day appeal period is not triggered until the clerk makes a notation on the docket that notice of entry of the order has been given." *In re L.M.*, *supra* at 509. *See also Frazier*, *supra* at 115; *Fischer*, *supra* at 121. Consequently, Appellant's right to

appeal the September 27, 2019 order has not been lost. Therefore, *nunc pro tunc* relief is unnecessary.

Under the circumstances, in order to make the record clear and to ease further proceedings in this case, we deem the most prudent course of action to be to (1) vacate the trial court's order denying *nunc pro tunc* relief, and (2) remand for the prothonotary to docket the September 27, 2019 order in full compliance with Rule 236. Thereafter, Appellant shall have thirty days to file a timely notice of appeal from that order.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/11/2021