J-S04008-20
J-S04009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VICTOR RAMOS | : | |
| | : | |
| Appellant | : | No. 194 EDA 2018 |

Appeal from the Order Entered December 6, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-MD-0007222-2017,
CP-51-MD-0007223-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VICTOR RAMOS | : | |
| | : | |
| Appellant | : | No. 624 EDA 2018 |

Appeal from the Order Entered December 6, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-MD-0007223-2017

BEFORE:  BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 11, 2020**

Appellant, Victor Ramos, appeals *pro se* from the trial court's December

6, 2017 order, entered in Appellant's two separate cases,[1] denying his

petitions for permission to appeal *nunc pro tunc* from his 1997 judgments of

---

[1] We have consolidated Appellant's appeals for ease of disposition.

sentence for violations of the Motor Vehicle Code, 75 Pa.C.S. §§ 1501-1586.

We affirm.

The trial court summarized the pertinent facts and procedural history of

Appellant's cases, as follows:

> On October 23, 1997, [Appellant] was operating a Nissan with PA license plate number BMC-0450 on the 300 block of Cambria Street in Philadelphia. A Philadelphia police officer stopped [Appellant] at 12:25 a.m. because the officer observed that the vehicle did not have an inspection sticker on its window. After [Appellant] stopped the vehicle, he was unable to produce an insurance card. The officer issued Citations L0344629-5 and L0344630-6 based on alleged violations of … the Vehicle Code, 75 Pa.C.S. §§ 1786(f) and 4706.

> On October 29, 1997, [Appellant] was again operating the Nissan with PA license plate number BMC-0450. A different Philadelphia police officer observed that [Appellant] was not wearing a seatbelt and stopped him at 1:07 a.m. in the vicinity of Third and Brown Streets in Philadelphia. After [Appellant] was stopped, the officer learned that he did not have an insurance card and was operating the vehicle with "a suspended []drivers license." The officer issued Citations L032723-4, L0327724-5 and L0327725-6 based on alleged violations of … the Vehicle Code, 75 Pa.C.S. §§ 1543(a), 1786(f)[,] and 4581(a)(2).

> On both days, [Appellant] refused to sign the citations. Therefore, they were mailed to him at 461 N. Ella Street in Philadelphia, the address shown for [Appellant] on all of the citations. [Appellant] pled not guilty to all of the citations and the court mailed a trial notice to him on February 13, 1998[,] advising him that all five of the citations were scheduled for trial on April 7, 1998. [Appellant] failed to appear at trial and was found guilty. Following the trial, the court mailed notices on April 9, 1998[,] to [Appellant] informing him that he had been found guilty and had the right to take an appeal.

> [Appellant] did not take an appeal from any of the five Orders finding him guilty of the violations cited in the citations. Over twenty years later, [Appellant] filed five petitions seeking

permission to appeal *nunc pro tunc*.[2]  In each petition, he alleged and represented that he could prove that the delay in filing the appeal was caused by non-negligent happenstance or unique and compelling factual circumstances[,] which he specified as being that [a] "Restoration letter [was] mailed over 20 years later [on] approx. 7-10-17."

The two petitions related to the two citations issued on October 23, 1997[,] were docketed at CP-51-MD-007223-2017. The three petitions related to the three citations issued on October 29, 1997[,] were docketed at CP-51-MD-007222-2017.  Each of the five hearing notices provided in bold that "Petitioner's failure to appear ... will result in a denial or a dismissal of this petition." The date set for a hearing on all five petitions was December 6, 2017.  [Appellant] did not seek a continuance of the December 6, 2017 hearing.

On December 6, 2017, [Appellant's] attorney appeared without [Appellant].  After counsel noted that his client was not present, the court asked counsel how he believed he could prevail without his client.  (N.T.[, 12/6/17,] at 4)[.]  Counsel represented that his client "was not provided with notice of the time or date of the hearing" and "he did not get the restoration letter [from PennDOT] until February 6, 2017.["]2 ([*Id.*] at 4, 5)[.]  The court explained that counsel's representations were merely argument and not evidence.  ([*Id.*] at 5)[.]  The court also explained that even if the court accepted that [Appellant] did not receive a restoration letter from PennDOT until February 6, 2017[,] and that the restoration letter was [Appellant's] first notice of the matter, [Appellant] did not provide any explanation for why he waited ten months to file the five *nunc pro tunc* petitions.  ([*Id.*] at 5-7)[.]  Counsel also argued that he had "a number of these [*nunc pro tunc* petitions] that have been presented to different judges" that were granted.  ([*Id.*] at 6)[.]  He did not elaborate more than

---

2 We note that Appellant was represented by counsel when he filed his petitions, and he continued to be represented during the subsequent hearing before the trial court and the filing of the present appeals.  However, during the pendency of these appeals, Appellant's attorney filed a petition for permission to withdraw.  Before this Court ruled on that petition, counsel filed appellate briefs on Appellant's behalf.  Our Court thereafter granted counsel's petition to withdraw.  Thus, while Appellant is now technically proceeding *pro se*, we will consider the arguments presented in the briefs filed by his former counsel.

that. At no time did counsel raise any arguments based on the State or Federal Constitutions.

> [2] The February 6, 2017 date of the PennDOT restoration letter was different from the July 10, 2017 date that was used in the petitions. Although [Appellant's] counsel apparently had the letter with him, he did not seek to introduce it into evidence.

> The Commonwealth objected to the granting of any of the petitions. ([*Id.* at 7)[.] On December 6, 2017, the court denied all five petitions[,] ([*id.*] at 8)[,] and entered two Orders to that effect.[3] After [Appellant] filed a notice of appeal from the court's Orders denying the petitions, the court issued an Order on January 26, 2018[,] directing him to file by no later than February 20, 2018, a [Pa.R.A.P. 1925(b)] concise statement of the errors complained of on appeal. [Appellant] filed a concise statement of errors complained of on appeal [on] February 16, 2018.

> [3] Although the court denied the petitions, the court clerk mistakenly noted on the docket that the petitions had been granted. After [Appellant's] counsel brought the error to the court's attention, the docket was corrected.

Trial Court Opinion, 10/22/18, at 1-3 (one footnote and one citation omitted).

On February 9, 2018, this Court issued an order in the case docketed at 194 EDA 2019, directing Appellant to show cause why his appeal should not be quashed pursuant to *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 n.3 (Pa. Super. 2007) (quashing an appeal taken by a single notice of appeal from an order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence), and the Note to Pa.R.A.P. 341 (citing *C.M.K.* in declaring that, "[w]here … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed"). Appellant's former counsel filed a response, and on

July 16, 2018, this Court discharged the rule to show cause order and referred the issue to the merits panel.

We now review the two claims that Appellant raises in his brief, which we reorder for ease of disposition:

A. Has Appellant shown cause as to why the [a]ppeals should not be dismissed where Appellant timely filed two (2) separate [a]ppeals from two (2) separate orders adjudicating five (5) traffic citations from two (2) separate dates in 1997?

B. Did the trial court commit a reversible error of law in denying Appellant's two (2) Petitions for Leave to Appeal *Nunc Pro Tunc* from a mere five (5) stale, traffic violations dating back to 1997, where the delay in [a]ppealing was solely due to administrative breakdown/extenuating circumstances and where Appellant was thereby deprived of fundamental [c]onstitutional right[s,] including due process of law?

Appellant's Brief at 6.

Appellant first contends that his appeals should not be quashed under *C.M.K.* and Rule 341. We agree. In *C.M.K.*, this Court quashed a single appeal from two judgments of sentence imposed on co-defendants, who were convicted and sentenced individually on different charges. *C.M.K.*, 932 A.2d at 112. Here, Appellant filed a separate notice of appeal in each of his two underlying cases. Thus, *C.M.K.* is distinguishable.

Additionally, we recognize that Appellant's notice of appeal in 194 EDA 2018 listed both docket numbers of his two underlying cases, which violates *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018) (holding that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so

- 5 -

requires the appellate court to quash the appeal"). However, the **Walker** Court tempered its holding by making it prospective only, and that opinion was filed on June 1, 2018. Appellant's appeal in 194 EDA 2018 was filed on January 4, 2018. Therefore, **Walker** does not apply. Accordingly, we do not quash Appellant's appeal in 194 EDA 2018.

Next, Appellant contends that the trial court abused its discretion by denying his petitions to reinstate his right to appeal from his 1997 judgments of sentence.[3] According to Appellant, his failure to appeal was due to the court's not sending documents to his correct address, and its denial of his petitions to reinstate his right to appeal *nunc pro tunc* violates his constitutional rights to due process and equal protection.

Preliminarily, "we note that our standard of review in determining the propriety of a denial of an appeal *nunc pro tunc* is whether the trial court abused its discretion. An abuse of discretion has been defined by this Court

_____

[3] We recognize that the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, provides the sole means for obtaining state collateral relief. **See** 42 Pa.C.S. § 9542; **Commonwealth v. Ahlborn**, 699 A.2d 718, 721 (Pa. 1997). Therefore, "[w]here … a defendant's post-conviction claims are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (citation omitted). In **Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999), our Supreme Court held that "the PCRA provides the exclusive remedy for post-conviction claims seeking restoration of appellate rights **due to counsel's failure to perfect a direct appeal**." **Id.** at 570 (emphasis added). Here, Appellant did not allege in his petitions that his attorney ineffectively failed to file his appeal; rather, he essentially claimed that his failure to appeal was caused by a breakdown in the operations of the court system. This claim is not cognizable under the PCRA.

as not merely an error of judgment." ***Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.***, 746 A.2d 581, 583 (Pa. 2000) (internal quotation marks omitted). Rather, an abuse of discretion occurs "where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record…." ***Id.*** (internal quotation marks omitted).

In assessing Appellant's arguments in this case, we have reviewed the certified record, the briefs of the parties, and the well-reasoned opinion by the Honorable Bradley K. Moss of the Court of Common Pleas of Philadelphia County. We conclude that Judge Moss's opinion correctly disposes of the claims raised by Appellant herein. Accordingly, we adopt Judge Moss's opinion as our own, and affirm the orders denying Appellant's petitions for the reasons set forth therein.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/20

- 7 -