560 A.2d 310

**BOARD OF PENSIONS AND RETIREMENT OF THE CITY OF PHILADELPHIA, Appellant,**

v.

**James H. JACKSON, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 6, 1989.

Decided June 27, 1989.

Steven K. Ludwig, Chief Asst. City Sol., Ralph J. Teti, Chief Deputy City Sol. Philadelphia, for appellant.

Roger J. Harrington, O'Brien & O'Brien Assoc., Philadelphia, for appellee.

Before CRAIG, DOYLE and PALLADINO, JJ.

PALLADINO, Judge.

The Board of Pensions and Retirement of the City of Philadelphia (Board) appeals from a decision of the Court of Common Pleas of Philadelphia County which reversed the Board's denial of James H. Jackson's (Appellee) application for service connected disability benefits.  Appellee has filed

a Motion to Quash Appeal. For the reasons set forth below, the Motion to Quash Appeal is granted.

Appellee applied for service connected disability benefits on July 2, 1980. The Board found that Appellee's disability was not service connected and denied benefits, in a decision dated January 25, 1988. Appellee filed a timely appeal to the Court of Common Pleas of Philadelphia County (trial court). On October 26, 1988, the trial court, on the record before the Board, entered an order which reversed the Board's denial of benefits and entered judgment in favor of the Appellee. On December 12, 1988, the Board filed a notice of appeal, after which the Appellee filed a motion to quash raising the issue of whether the appeal was timely filed.

The timeliness of an appeal goes to the subject matter jurisdiction of the court and may be raised at any time, by any party, including the court itself. *Kemmerer Appeal*, 46 Pa.Commonwealth Ct. 455, 405 A.2d 1108 (1979). Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 903(a) requires any party seeking an appeal to file the notice of appeal "within 30 days after the entry of the order from which the appeal is taken." In this case the order appealed from was entered on the docket on October 26, 1988, but the notice of appeal was not filed until December 12, 1988, 47 days after the order.

The Board argues that it never received a copy of Judge Nicholas M. D'Alessandro's Order and Opinion until March, 1989, and that it first became aware of this order on December 12, 1988, following a communication from counsel for Appellee. The Board requests that we permit the filing of this appeal nunc pro tunc.[1]

An appeal nunc pro tunc is permitted upon a showing that the delay in filing was a result of extraordinary circumstances involving *"fraud or a breakdown in the*

1. The Board has never filed a petition for leave to file appeal nunc pro tunc before the Court of Common Pleas of Philadelphia County nor this court, but is seeking such relief for the first time in its brief and response to the motion to quash appeal.

*court's operations through a default of its officers* which has resulted in injury to the appealing party." *Department of Transportation, Bureau of Traffic Safety v. Rick,* 75 Pa.Commonwealth Ct. 514, 516–517, 462 A.2d 902, 903 (1983) (emphasis in original). The Board has not presented any evidence that the docket entry showing that notices were sent is incorrect, but merely alleges that counsel for Appellee *may* have incorrectly addressed the envelopes provided to the court pursuant to local rule,[2] and that as a result the Board never received a copy of the order. Appellee argues that the court will not accept any envelope without a correct address.

■ Mere allegations of a failure to receive notice are insufficient cause for allowing an appeal nunc pro tunc *Bradley v. Pennsylvania Board of Probation and Parole,* 108 Pa.Commonwealth Ct. 21, 23, 529 A.2d 66, 67 (1987). The docket shows that the required notice was sent to counsel. There is no evidence which would support a conclusion that the administrative officers of the court did anything other than what the docket entry indicates, nor are the allegations presented by the Board sufficient to find that there was any intervening negligence by a third party which would support the application for an appeal nunc pro tunc. *Id.*

Accordingly, the motion of James H. Jackson, Appellee herein, to quash appeal is granted.

2. Under Philadelphia Civil Rule 146(VIII)(A) an administrative agency appeal must be placed on the Motion Court Argument List. Under Philadelphia Civil Rule 140(A) the following must be filed:
  (A) Filing Requirements:
  All filings in the Motion Court must be accompanied by:
   (1) A Cover Sheet as shown in Exhibit "A", (attached);
   (2) A supporting Memorandum of Law;
   (3) A proposed Order;
   (4) A stamped, self-addressed 9½" × 4½" size envelope, for each attorney of record;
   (5) Current Docket Entries;
   (6) A Copy of the certification required by section (J) hereof;
   (7) A Copy of the transmittal letter required by Section B hereof.

## ORDER

AND NOW, June 27, 1989, the appeal of the Board of Pension and Retirement of the City of Philadelphia from an order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby quashed.