598 A.2d 610

**Edward CONNOR, Executor of the Estate
of Rose Connor, Deceased, Appellant,**

v.

**WESTMORELAND COUNTY BOARD OF ASSESSMENT
APPEAL, Westmoreland County Tax Claim Bureau,
Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 30, 1991.

Decided Oct. 18, 1991.

Michael C. Dorman, for appellant.

Aaron M. Kress, for appellees.

Before DOYLE and SMITH, JJ., and BARRY, Senior Judge.

SMITH, Judge.

Edward Connor (Connor), executor of the estate of Rose Connor (decedent), appeals from the September 7, 1990 order of the Court of Common Pleas of Westmoreland County which denied Connor's petition for tax assessment appeal nunc pro tunc and stay of tax sale. The instant action was initiated in the trial court by Connor's petition for a rule to show cause why taxes should not be abated and tax sale stayed, naming the Westmoreland County Tax Claim Bureau (Bureau) as a respondent. In the petition, Connor alleged, among other things, that taxes had been assessed upon the mineral rights on parcels of land which the decedent owned and that the tax assessments were improper under case law because no mineral had been removed from the land.

The trial court issued a decision and order, dated August 29, 1990, denying Connor's petition on the ground that the Bureau is not the proper party upon which a rule to show cause may be issued because only the Westmoreland County Board of Assessment Appeal (Board) has the statutory authority to alter, modify or change the tax assessments. The trial court directed Connor to present to the court an appropriate petition along with a memorandum of law pursuant to the procedures for tax assessment appeals set

forth in The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §§ 5020–101—5020–602. The trial court further suggested that Connor should first establish his right to file an untimely tax assessment appeal by filing a petition for appeal nunc pro tunc which Connor subsequently presented to a motions judge of the same court along with a request for stay of the tax sale. The petition was summarily denied by the motions judge on September 7, 1990 without scheduling a hearing. On September 27, 1990, Connor appealed the denial to the Superior Court which transferred the matter to this Court by order dated November 9, 1991.[1]

This Court's scope of review of a decision to grant or deny an appeal nunc pro tunc is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Western Pennsylvania Water Co. v. Board of Property Assessment Appeals & Review, County of Allegheny,* 63 Pa.Commonwealth Ct. 472, 439 A.2d 1259 (1981). The issue presented in this appeal is whether Connor's petition sets forth sufficient allegations of fact which could support a grant of an appeal nunc pro tunc, warranting a hearing and the trial court's further consideration. A review of the petition filed by Connor demonstrates that sufficient facts exist which, if proven, could be a basis for granting an appeal nunc pro tunc. The trial court, therefore, abused its discretion in summarily denying the petition

---

**1.** Although Connor's notice of appeal states that he is appealing from the trial court's August 29, 1990 and September 7, 1990 orders, he states in his brief that he is appealing only from the September 7, 1990 order. Connor's "statement of questions involved" and argument are limited to the question of the propriety of the trial court's September 7, 1990 order. Therefore, this Court's review and discussion will be likewise limited to that issue. *See* Pa.R.A.P. 2116(a); *Appeal of Gemstar/Ski Bros.,* 133 Pa.Commonwealth Ct. 115, 574 A.2d 1201 (1990) (an issue raised in the notice of appeal, but not included in the statement of questions involved will not be addressed by this Court). Furthermore, Connor's initial petition for rule to show cause basically challenges the tax assessments which must be decided by the Board, as will be discussed later, if the petition for appeal nunc pro tunc is granted.

without scheduling a hearing on the merits of the petition.[2]

Section 8(b) and (c) of the Act of June 26, 1931, P.L. 1379, *as amended,* commonly known as the Third Class County Assessment Law (Assessment Law), 72 P.S. § 5349(b), (c), applicable to Westmoreland County, provides in pertinent part:

(b) The board shall cause to be mailed to each owner of property or person assessed and taxing district having any interest therein, *the value of whose property or personal assessment has not theretofore been separately fixed or the value of whose property or personal assessment has been changed from that finally fixed in the preceding assessment roll* or when the established predetermined ratio has been changed within the county, at his last known address, a notice of such change and the amount of the old assessment, valuation and ratio, if the property or personal assessment was previously separately assessed, and the amount of the new assessment, valuation and ratio. *Such notice shall be mailed within five days from the date the board made such change or added said property to the roll* and shall state that any person aggrieved by any assessment and the said taxing districts may *appeal to the board for trial by filing with the board, within forty days of the date of such notice, an appeal,* in writing, designating the assessment or assessments by which such person is aggrieved and the address to which notice of the time and place for a hearing of the appeal shall be mailed.

(c) Any person aggrieved by any assessment, *whether or not the value thereof shall have been changed* since the preceding annual assessment, or any taxing district having an interest therein, *may appeal to the board for relief.* Any person or such taxing district desiring to make an appeal shall, *on or before the first day of*

---

**2.** The record shows that an opinion has not been issued by the trial court in support of its denial of the petition for appeal nunc pro tunc. The record contains only the decision and order of the trial court on the initial petition filed by Connor.

*September,* file with the board an appeal, in writing,....
(Emphasis added.)

To support the petition for appeal nunc pro tunc, Connor alleges that from 1979 through 1983 and thereafter, tax notices were sent to addresses other than the mailing address maintained by the decedent until her death in December 1986, and that consequently, neither the decedent nor Connor received the tax notices mailed by the Board. Connor further alleged that due to the lack of proper notices of tax assessment, he was precluded from filing timely appeals from the tax assessments in violation of his due process rights.

 The statutory time limit for filing a tax assessment appeal set forth in the Assessment Law is mandatory, and generally, judicial extensions of an appeal period will not be granted. *Appeal of Cedarbrook Realty, Inc.,* 39 Pa.Commonwealth Ct. 150, 395 A.2d 613 (1978). However, a petition for appeal nunc pro tunc may be granted when it is shown that extraordinary circumstances involving fraud or its equivalent, duress, or coercion, have caused delay in the filing of an appeal. *Sewickley Valley Hospital v. Department of Public Welfare,* 121 Pa.Commonwealth Ct. 337, 550 A.2d 1351 (1988), *appeal denied,* 524 Pa. 614, 569 A.2d 1372 (1989); *Academy Plaza Assoc. v. Board of Revision of Taxes, City of Philadelphia,* 94 Pa.Commonwealth Ct. 517, 503 A.2d 1101 (1986). Moreover, for appeal purposes, negligence on the part of administrative officials may be deemed the equivalent of fraud, and the wrong thus committed may be corrected by means of a petition for appeal nunc pro tunc filed within a reasonable time. *Sewickley Valley.*

 In the matter *sub judice,* Connor's basis for requesting an appeal nunc pro tunc is that he and the decedent were deprived of an opportunity to challenge the tax assessments upon his property pursuant to the Assessment Law due to the Board's negligence in mailing the improperly addressed notices, which resulted in the lack of notice. Even though mere allegations of a failure to receive notice

are insufficient cause for allowing an appeal nunc pro tunc, *Board of Pensions & Retirement of City of Philadelphia v. Jackson,* 126 Pa.Commonwealth Ct. 551, 560 A.2d 310 (1989), Connor's petition contains more than mere allegation of a failure to receive notice. He sets forth specific facts which, if proven, may constitute negligence on the part of the Board in mailing the tax assessment notices. A failure to properly send a notice may amount to a breakdown in operations which is the equivalent of negligence on the part of administrative officials. *Moore v. Pennsylvania Board of Probation & Parole,* 94 Pa.Commonwealth Ct. 527, 503 A.2d 1099 (1986).

The Board and the Bureau argue that Connor's petition must be denied because under the Assessment Law, the Board does not have a statutory duty to give an annual notice of assessment unless there has been a change in the assessment of the value of the property. According to the Board and the Bureau, the only tax notices that may have been mailed would have been the Bureau's annual notices of tax delinquency. Connor argues, on the other hand, that the Board failed to properly send an initial notice in 1979 as required by Section 8 of the Assessment Law when taxes were assessed upon the mineral rights for the first time and that as a result, neither the decedent nor Connor had an opportunity to challenge the tax assessment.

Nonetheless, the parties' contentions are a matter for the trial court's consideration after its factual findings based upon evidence presented at hearing. Connor should thus be afforded an opportunity to prove all the necessary facts alleged to support his petition, including ownership of the mineral rights, addresses of the decedent and Connor during the relevant period, types of notices sent, impropriety of the Board's notices, time of the initial assessments of the mineral rights, and any changes in the assessment for the period in question. Therefore, the order of the trial court must be vacated and the matter remanded to the court for hearing and a determination on the merits of the petition.

Pursuant to Section 8 of the Assessment Law, review of a tax assessment is within the exclusive jurisdiction of the Board. *Deigendesch v. County of Bucks,* 505 Pa. 555, 482 A.2d 228 (1984); *Aquarian Church of Universal Service v. County of York,* 90 Pa.Commonwealth Ct. 290, 494 A.2d 891 (1985). Therefore, if the trial court on remand ultimately decides the petition in Connor's favor, the trial court shall direct the Board to hear tax assessment appeals upon the filing of appropriate appeals with the Board within a period designated by the trial court, complying with procedures prescribed in the Assessment Law. The trial court shall further determine any other matters deemed necessary relative to Connor's petition for appeal nunc pro tunc.

### ORDER

AND NOW, this 18th day of October, 1991, the order of the Court of Common Pleas of Westmoreland County dated September 7, 1990 is hereby vacated, and the matter is remanded to the court for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.