UNION ELECTRIC CORPORATION, Appellant,

v.

BOARD OF PROPERTY ASSESSMENT, APPEALS AND REVIEW OF ALLE-GHENY COUNTY, Pennsylvania; Allegheny County; City of Pittsburgh and City of Pittsburgh School District.

KOHN, INC., Appellant,

v.

BOARD OF PROPERTY ASSESSMENT, APPEALS AND REVIEW OF ALLE-GHENY COUNTY, Pennsylvania; Allegheny County; City of Pittsburgh and City of Pittsburgh School District.

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1998.

Decided Dec. 21, 1998.

As Amended Jan. 4, 1999.

Robert L. Leight, Pittsburgh, for appellant.

Ira Weiss and Isobel Storch, Pittsburgh, for appellees.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Union Electric Corporation and Kohn, Inc. (collectively, Taxpayers) appeal from an order of the Court of Common Pleas of Allegheny County (trial court) quashing their tax assessment appeals and not accepting their appeals *nunc pro tunc*.

Taxpayers are the owners of separate properties located in Allegheny County (County). In January 1996, Taxpayers received their real estate assessment notice for tax year 1996. Section 11 of the General County Assessment Law, 72 P.S. 5452.11[1] requires that all appeals be filed no later

---

1. Section 11 of the General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §5452.11, provides in pertinent part, "... no appeals may be taken from assessments after the last day of February of the year in which the assessment first becomes effective."

than the last day in February of the year for which the assessment is effective. On February 13, 1996, the Allegheny County Board of Property Assessment, Appeals and Review (Board), without giving any reasons for doing so, issued an order purporting to extend the time for filing tax assessment appeals from February 29, 1996 to April 1, 1996. While Taxpayers were prepared to timely file their assessment appeals, because of the Board's extension of the appeal period, they did not file their appeals until March 27, 1996. After separate hearings, the Board reduced Union Electric's total assessment on its property from $136,720 to $125,000 and Kohn, Inc.'s from $145,000 to $130,000. Taxpayers separately appealed these decisions to the trial court.

■ The City of Pittsburgh School District (School District) moved to quash the appeals contending that the appeals were filed beyond the statutory deadline and that the Board was without authority to extend that deadline. Taxpayers did not disagree that the Board was without authority to extend the deadline, but instead argued that their unilateral extension was akin to a breakdown in the operation of the administrative agency justifying a *nunc pro tunc* appeal. Agreeing with the School District, the trial court held that the statutory time period for filing a tax assessment appeal was mandatory and not subject to change by the Board, and that the Board was without jurisdiction to hear Taxpayers' appeals. Moreover, it found that there was no fraud or its equivalent that would justify an appeal *nunc pro tunc* in this case. This appeal followed.[2]

■ At the outset, we point out that "the power of an administrative agency to prescribe rules and regulations under a statute is not the power to make law, but only the power to adopt regulations to carry into effect the will of the Legislature as expressed by the statute." *Volunteer Firemen's Relief Association of the City of Reading v. Minehart*, 425 Pa. 82, 89, 227 A.2d 632, 635–636 (1967); *Commonwealth v. DiMeglio*, 385 Pa.

119, 124, 122 A.2d 77 (1956). When an agency adopts regulations at variance with the statute, the regulations, and not the statute, fall by the wayside. *See Xerox Corporation v. City of Pittsburgh*, 15 Pa.Cmwlth. 411, 327 A.2d 206 (Pa.Cmwlth.1974); *George A. Fuller Co. v. City of Pittsburgh*, 15 Pa.Cmwlth. 403, 327 A.2d 191 (Pa.Cmwlth.1974).

Not disagreeing with that analysis or that when a statute fixes the time within which an appeal must be taken, it must be taken within that time period, Taxpayers contend that their appeals should be allowed *nunc pro tunc* because the actions of the Board constituted administrative negligence which should be deemed to be fraud, duress or a breakdown in the court's operation that excuses a timely filing. *Hanoverian, Inc. v. Lehigh County Board of Assessment*, 701 A.2d 288 (Pa.Cmwlth.1997).

We were faced with a similar situation in *In re Nomination Petition of Torres*, 99 Pa.Cmwlth. 173, 512 A.2d 732 (Pa.Cmwlth. 1986). In that case, the Election Code provided that all objections to nomination petitions had to be filed within seven days of the last day in which nomination petitions could be filed. Without explanation, the trial court extended the period in which to file objections another seven days. The objectors then filed their petition to set aside the nomination petition on the last day of the newly extended deadline, and the trial court granted the petition to set aside, finding that the nomination petition did not have enough valid signatures. The candidate filed an appeal to this court alleging that the administrative judge was without authority to extend the statutory deadline and, therefore, the trial court was without jurisdiction to hear the objectors' petition to set aside the nomination petition. We agreed, holding that the common pleas court was without authority to extend the mandatory statutory deadline, and that the extension of time was not the type of fraud or breakdown in the operation of the court that would justify the grant of a *nunc pro tunc* appeal. We then declared the

---

2. This court's scope of review when examining an appeal from the denial of a petition to appeal *nunc pro tunc* is limited to a determination of whether the common pleas court abused its discretion or committed an error of law. *Kaminski v. Montgomery County Board of Assessment Appeals*, 657 A.2d 1028 (Pa.Cmwlth.1995).

order extending the deadline null and void and concluded that the petition to set aside was not timely filed.

 Although negligence on the part of administrative officials, such as failing to mail assessment notice to an individual, would be a sufficient reason for allowing an appeal *nunc pro tunc*,[3] Taxpayers have not introduced any evidence of fraud, a breakdown of the Board's operations or negligence on the part of the Board that would justify allowing it to extend the deadline in which to file appeals. Going against the plain language of the statute, the Board simply extended the deadline in which to file tax assessment appeals. Like the trial court in *Torres*, the Board was without authority to extend the deadline, and its extension of time to take an appeal deprived it of jurisdiction to hear the assessment appeals.. While sympathizing with taxpayers that unfortunately relied on the Board's unauthorized action in extending the deadline, like the objector in *Torres* who also relied on an unauthorized extension of time, Taxpayers' appeals must be quashed because they were not filed within the time proscribed by statute. Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 21st day of December, 1998, the orders of the Court of Common Pleas of Allegheny County at No. GD–97–6681 and No. GD 97–6863, both dated May 8, 1998, are affirmed.

---

**3.** *See Connor v. Westmoreland County Board of Assessment Appeal,* 143 Pa.Cmwlth. 86, 598 A.2d 610 (Pa.Cmwlth.1991).