IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Drexelbrook 2019 LLC, : 
                 Appellant : 
             : 
       v. :   No. 958 C.D. 2021
          :   Submitted: June 6, 2023
Delaware County Board of : 
Assessment Appeals : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                          FILED: September 26, 2023

Drexelbrook 2019 LLC (Taxpayer) appeals from the order entered by the Delaware County Court of Common Pleas (trial court) denying Taxpayer's petition for leave to appeal *nunc pro tunc* a tax assessment by the Delaware County Board of Assessment Appeals (Board). Taxpayer contends that the trial court should have held an evidentiary hearing before denying its petition for leave to appeal *nunc pro tunc*. We vacate the trial court's July 26, 2021 order and remand for an evidentiary hearing.

## I. BACKGROUND[1]

In 2019, Taxpayer bought the property at issue. Pet. ¶ 4. At that time, Taxpayer's address of record was 4812 Drexelbrook Dr. *Id.* ¶ 5. Subsequently, Taxpayer moved its office to 4804 Drexelbrook Dr. *Id.* ¶ 6. Taxpayer contends that it received the 2019, 2020, and 2021 tax bills at 4804 Drexelbrook Dr. but never

---

[1] We state the facts as averred in Taxpayer's Petition for Leave to File Property Assessment Appeal *Nunc Pro Tunc*, 3/2/21 (Pet.).

received the Board's 2021 property tax assessment notice reflecting a property tax increase. *Id.* ¶¶ 7-11. Lacking notice, Taxpayer failed to appeal the assessment. *Id.* ¶ 15.

Taxpayer filed a petition for leave to appeal *nunc pro tunc* with the trial court, averring the above facts. *See generally id.* The Board opposed, and the trial court denied the petition without a hearing. Taxpayer timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

The trial court prepared a responsive opinion, reasoning that an evidentiary hearing was unnecessary because it relied upon the parties' affidavits attached to Taxpayer's petition and the Board's response in opposition. Trial Ct. Op., 11/12/21, at 2-3. In the trial court's view, if either party had requested oral argument or "reconsideration for the purpose of" oral argument, the trial court would have granted the request. *Id.* at 3. But because neither party requested argument, the trial court reasoned that it had acted within its discretion to deny Taxpayer's petition without an evidentiary hearing. *Id.* at 4.

## II. ISSUES

Taxpayer contends that the trial court erred by denying its petition for leave to appeal *nunc pro tunc* the assessment without holding a hearing. Taxpayer's Br. at 2. Taxpayer relatedly asserts that it "was not being assessed at the fair market value for its property." *Id.*

## III. DISCUSSION[2]

In support of its first issue, Taxpayer argues that the Board failed to mail

---

[2] We review an order denying a petition for leave to appeal *nunc pro tunc* for an abuse of discretion or error of law. *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Rev. of Allegheny Cnty.*, 746 A.2d 581, 583 (Pa. 2000) (*Union*) (explaining that when the law is misapplied, an abuse of discretion occurred).

the 2021 tax assessment to Taxpayer's proper mailing address. *Id.* at 5. In Taxpayer's view, the Board's failure constitutes negligence. *Id.* at 6. Taxpayer equates the Board's alleged negligence with fraud, which Taxpayer reasons may be corrected by requesting an appeal *nunc pro tunc*. *Id.* Taxpayer maintains that the trial court should have held a hearing. *Id.* at 7 (analogizing to *Connor v. Westmoreland Cnty. Bd. of Assessment Appeal*, 598 A.2d 610 (Pa. Cmwlth. 1991)). Taxpayer concludes it acted with reasonable diligence in requesting an appeal *nunc pro tunc*. *Id.* at 8.[3]

By way of background, 53 Pa.C.S. § 8848(a)(1) provides that each "property owner shall be notified by mail at the property owner's last known address of the value of the new assessment, the value of the old assessment and the right to appeal within 40 days . . . ." 53 Pa.C.S. § 8848(a)(1). In resolving the right to appeal *nunc pro tunc* from a tax assessment, our Supreme Court noted that allowing "an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. This Court has emphasized . . . that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Union*, 746 A.2d at 584 (cleaned up).

In *Connor*, this Court similarly addressed whether the trial court

---

[3] The Board counters that *nunc pro tunc* relief is granted only if there was an administrative breakdown by the Board. Board's Br. at 11-12. The Board maintains that Taxpayer did not plead any circumstances that would have established any such breakdown. *Id.* The Board asserts *Connor* is distinguishable because "a hearing would not have given the trial court anything more than what was presented in the pleadings and supporting affidavits." *Id.* at 12. The Board emphasizes that it mailed the tax assessment notice to the last known address of Taxpayer and that the Board found no change-of-address notice from Taxpayer. *Id.* at 12-13. In the Board's view, the facts are identical to *Collier v. Philadelphia, Board of Revision of Taxes* (Pa. Cmwlth., No. 649 C.D. 2016, filed Mar. 6, 2017), 2017 WL 878699, in which, per the Board, the *Collier* Court affirmed the denial of *nunc pro tunc* relief. Board's Br. at 13. We note that, generally, unreported cases of this Court are not binding precedent but may be cited as persuasive authority. 210 Pa. Code § 69.414(a).

properly denied the taxpayer's petition for an appeal *nunc pro tunc*. *Connor*, 598 A.2d at 611. In that case, the taxpayer contended that he could not timely challenge the tax assessment because of the board's "negligence in mailing . . . improperly addressed notices." *Id.* at 612. In addressing the taxpayer's contention, the *Connor* Court acknowledged that "mere allegations of a failure to receive notice are insufficient cause" for an appeal *nunc pro tunc*, but that the taxpayer's petition presented "specific facts, which, if proven, [would] constitute negligence on the part of the" board. *Id.* The *Connor* Court thus reasoned that "the parties' contentions are a matter for the trial court's consideration after its factual findings based upon evidence presented at [a] hearing." *Id.* at 613. Accordingly, because the trial court failed to hold an evidentiary hearing, the *Connor* Court remanded for an evidentiary hearing at which the taxpayer would be "afforded an opportunity to prove all the necessary facts alleged" to support *nunc pro tunc* relief. *Id.*

*Collier* involved similar facts. In *Collier*, the taxing authority mailed a notice of an increased tax assessment for one property to the taxpayer's other property. *Collier*, slip op. at 1-3, 2017 WL 878699, *1. The taxpayer petitioned for an appeal *nunc pro tunc* of the assessment, contending that she did not reside at or receive mail at her other property. *Id.* at 1-5, 2017 WL 878699, *1-2. Unlike *Connor*, however, the *Collier* trial court actually held hearings on the taxpayer's petition for an appeal *nunc pro tunc* before denying the petition. *Id.* at 3, 2017 WL 878699, *2 (stating "the trial court conducted hearings"). This Court affirmed, reasoning, *inter alia*, that the taxing authority complied with the statutory requirement that the taxing authority send notices to the address of record. *Id.* at 8-10, 2017 WL 878699, *4.

Instantly, like the taxpayer in *Connor*, Taxpayer has similarly alleged that the Board was negligent in mailing out the 2021 tax assessment notice. *See*

*Connor*, 598 A.2d at 612. Further, unlike *Collier*, the instant trial court did not hold any evidentiary hearings. *See Collier*, slip op. at 3, 2017 WL 878699, *2. Therefore, identical to the *Connor* Court, we also remand for an evidentiary hearing following which the trial court must render formal findings of fact and issue an order resolving Taxpayer's petition. *See Connor*, 598 A.2d at 613.[4]

## IV. CONCLUSION

For these reasons, we vacate the order below and remand to the trial court for an evidentiary hearing. The trial court must issue findings of fact and a new order resolving Taxpayer's petition. Because Taxpayer's first issue is dispositive, we need not address its second issue. Nothing within our decision bars the trial court from issuing an order again denying Taxpayer's petition.

_____
LORI A. DUMAS, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

---

[4] We acknowledge that verified pleadings reflect that "the averment or denial [contained therein] is true upon the signer's personal knowledge or information and belief." Pa.R.Civ.P. 1024. "The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial." *Id.* Under these circumstances, however, a trial court's formal findings of fact would minimize any unnecessary inferences or speculation by a reviewing court.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Drexelbrook 2019 LLC,          :
             Appellant      :
                          :
         v.                :      No. 958 C.D. 2021
                          :
Delaware County Board of      :
Assessment Appeals           :

## **O R D E R**

AND NOW, this 26th day of September, 2023, we VACATE the July 26, 2021 order entered by the Delaware County Court of Common Pleas (trial court). We REMAND with instructions for the trial court to hold an evidentiary hearing, issue findings of fact, and file a new order resolving the petition for leave to appeal *nunc pro tunc* filed by Drexelbrook 2019 LLC.

Jurisdiction relinquished.

_____
LORI A. DUMAS, Judge