IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of Ralph and Nina      :
Sposato,                             :
                Appellants    :
                                     :
                                     :
          v.               :
                                     :
City of Philadelphia Board of        :    No. 135 C.D. 2020
Revision of Taxes                    :    Submitted: February 6, 2024


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED:  March 5, 2024


      Ralph and Nina Sposato (collectively, Appellants) appeal from the Philadelphia County (County) Common Pleas Court's (trial court) December 10, 2019 order affirming the City of Philadelphia (City) Board of Revision of Taxes' (BRT) September 6, 2019 order that denied their Petition for Allowance of Appeal *Nunc Pro Tunc*. Appellants present two issues for this Court's review: (1) whether the 2019 Market Value Assessment of 121 R Port Royal Avenue, Philadelphia, Pennsylvania (Property) was the product of a breakdown in the administrative process by government officers or negligence on the part of administrative officials; and (2) whether the Property's 2019 Market Value Assessment was automatically included in the scope of the 2017 appeal pursuant to Section 8854 of the Consolidated County Assessment Law (CCAL),[1] 53 Pa.C.S. § 8854. After review, this Court reverses.

_____

[1] 53 Pa.C.S. §§ 8801-8868.

Appellants are trustees of the Ralph and Nina Sposato Irrevocable Trust, which purchased the Property at a public tax sale for $75,000.00. In 2016, Appellants timely appealed from the Property's 2017 Market Value Assessment, which was $569,200.00. On September 12, 2017, the BRT held a hearing. On September 25, 2017, the BRT determined that the market value of the Property was $400,000.00. On October 24, 2017, Appellants timely filed an appeal to the trial court from the BRT's determination. On March 14, 2018, the City's appraiser One Atlantic Ventures, LLC, valued the Property at $85,000.00. On July 25, 2018, all parties stipulated to the Property's value of $85,000.00 for the 2017 and 2018 tax years. On August 28, 2018, the Honorable Paula A. Patrick issued an order adopting the stipulation.

On December 14, 2018, Appellants received their 2019 Real Estate Tax Bill (2019 Tax Bill) for the Property, which indicated that the Property's market value was $400,000.00. Appellants appealed from the 2019 Market Value Assessment to the BRT, which denied the appeal as untimely.[2] Thereafter, Appellants filed a Petition Seeking Permission to Appeal Market Value Late (*Nunc Pro Tunc*) (*Nunc Pro Tunc* Petition), alleging therein that they never received the 2019 Market Value Assessment, and their first notice of the Property's 2019 Market Value Assessment was their 2019 Tax Bill. On August 26, 2019, the BRT held a hearing at which it denied Appellants' *Nunc Pro Tunc* Petition. On September 6, 2019, Appellants received notice of the BRT's decision.

On October 5, 2019, Appellants appealed from the BRT's decision to the trial court. The trial court held a hearing on December 10, 2019, whereupon it

---

[2] Pursuant to Section 14(a) of what is commonly referred to as the First Class County Assessment Law, Act of June 27, 1939, P.L. 1199, *as amended*, 72 P.S. § 5341.14(a), the appeal had to be filed "on or before the first Monday of October[,]" i.e., October 1, 2018. *Id*.

affirmed the BRT's decision, thereby denying Appellants' *nunc pro tunc* appeal.[3] Appellants appealed to this Court.[4] On January 9, 2020, the trial court directed Appellants to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On January 23, 2020, Appellants filed their Rule 1925(b) Statement. On September 1, 2020, the trial court filed its opinion pursuant to Rule 1925(a).

> Initially,
>
> [o]ur Supreme Court discussed the proper basis for granting an appeal *nunc pro tunc* in *Union Electric Corp. v. Board of Property Assessment, Appeals [&] Review of Allegheny County*, . . . 746 A.2d 581 ([Pa.] 2000), stating that: "[a]llowing an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. This Court has emphasized that the principle emerges that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Id*. at 584 (internal citations omitted); *see also Radhames v. Tax Rev*[.] [*Bd.*], 994 A.2d 1170, 1175 (Pa. Cmwlth. 2010); *Hanoverian, Inc. v. Lehigh* [*Cnty.*] [*Bd.*] *of Assessment*, 701 A.2d 288, 289 (Pa. Cmwlth. 1997).

*Croft v. Bd. of Prop. Assessment, Appeals & Rev.*, 134 A.3d 1129, 1130 n.3 (Pa. Cmwlth. 2016).

Appellants first argue that the Property's 2019 Market Value Assessment was the product of a breakdown in the administrative process by government officers or negligence on the part of administrative officials.

---

[3] Appellants filed a Motion for Reconsideration, which the trial court denied on January 9, 2020.

[4] "This Court reviews a trial court's decision in a property tax assessment appeal to determine whether the trial court abused its discretion, committed an error of law, or made findings of fact not supported by substantial evidence." *Downingtown Area Sch. Dis. v. Chester Cnty. Bd. of Assessment Appeals*, 303 A.3d 1104, 1110 n.12 (Pa. Cmwlth. 2023).

Specifically, Appellants contend that they did not receive notice of the 2019 Market Value Assessment.

Section 10(a) of what is commonly referred to as the First Class County Assessment Law provides:

> At least ten days prior to the first Monday in October of each year, **the [BRT] shall give printed or written notice to the registered owners of all real property situated within the county**, **the assessment**, valuation[,] and ratio upon **which has been increased or decreased**, specifying the change made from the last preceding assessment, valuation[,] and ratio, and setting forth that an appeal may be filed from such assessment on or before the first Monday of October, **and stating as definitely as possible the time or times at which appeals will be heard** by the [BRT]. Every such notice shall be given either by mailing or delivering the same to the address of the owner as shown upon the records of the [BRT], or by posting upon the assessed property.

72 P.S. § 5341.10(a) (emphasis added).

This Court acknowledges that, generally, a claim that one did not receive notice alone is insufficient for a court to allow a *nunc pro tunc* appeal. *See Connor v. Westmoreland Cnty. Bd. of Assessment Appeal*, 598 A.2d 610, 612 (Pa. Cmwlth. 1991) ("[M]ere allegations of a failure to receive notice are insufficient cause for allowing an appeal *nunc pro tunc*[.]" (italics added)). However, here, Appellants were still litigating the appeal of their 2017 Market Value Assessment at the time their Property was reassessed, which added another factor to be considered. Moreover, in cases where the allegation of not receiving notice was found insufficient to grant *nunc pro tunc* relief, the taxing authority produced evidence that it sent the notice to the address as shown in the BRT's records. *See Horn v. Bd. of Prop. Assessment*, 641 A.2d 15, 15 (Pa. Cmwlth. 1994) ("[T]he [b]oard of [p]roperty [a]ssessment [] mailed a tax assessment notice to the Horns at the U.S. Mortgage

4

address."); *Collier v. Phila., Bd. of Revision of Taxes* (Pa. Cmwlth. No. 649 C.D. 2016, filed Mar. 6, 2017) (the City's Office of Property Assessment (OPA) sent the notice of Collier's assessment to her Conshohocken Avenue address).[5]

Here, BRT's Counsel (Counsel) did not assert that the OPA sent any notice to Appellants.[6]  Rather, at the trial court hearing, Counsel stated:

> Your Honor, the [C]ity asks that the court take judicial notice that the 2019 assessment was certified, pursuant to law, March 31, 2018.  The [C]ity further asks the court [to] take judicial notice [of] the court's finding in *Duffield House Associates, L.P. v. City of Philadelphia*, 260 A.3d 329 (Pa. Cmwlth. 2021), *appeal denied*, 279 A.3d 1185 (Pa. 2022)].[7]  **The county-wide reassessment was effectuated for 2019**.  And **the date of that reassessment was March 31**, **2018**.  Those are the only two facts that I need, Your Honor.

Reproduced Record (R.R.) at 19 (emphasis added).[8]

The trial court denied the *nunc pro tunc* appeal based on the following reasoning:

---

[5] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent."  Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa.Code § 69.414(a).

[6] Counsel argues in his brief to this Court that notice was not required because there was no increase or decrease as the Property's last Market Value Assessment was for $400,000.00.  However, the 2017 Market Value Assessment was for $569,200,00.  The 2018 $400,000.00 Market Value Assessment was the result of Appellants' appeal to the BRT, for which Appellants' appeal was pending in the trial court at the time of the 2018 reassessment.

[7] In *Duffield House*, this Court determined that the taxpayers established that the City's selective reassessment in tax year 2018 of only commercial properties violated the Pennsylvania Constitution's Uniformity Clause, PA. CONST. art. 8, § 1.  Counsel argued that the result of the finding in *Duffield House* was a County-wide reassessment in 2018 for tax year 2019.

[8] Rule 2173 specifies: "[T]he pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures . . . thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc."  Pa.R.A.P. 2173.  Because Appellants' Reproduced Record page numbers were not followed by a small a, for ease of reference, this Court will refer to the Reproduced Record pages as Appellants numbered them.

> Appellants were aware that their Property's market value was only negotiated for 2017 and 2018, **after which the market value would revert to the reassessment of $400,000**[.**00**].  Appellants had notice that their Property's market value would not be $85,000[.00] for the year 2019 as early as August 28, 2018.   There was not an administrative breakdown, fraud, deception, or other way that would allow for a *nunc pro tunc* to be warranted, and the right to appeal was not lost due to extraordinary circumstances.  *Union Elec. Corp.*; *Kelly* [*v. Cnty. of Allegheny*, 546 A.2d 608 (Pa. 1988)]; [*Bass v. Commonwealth of Pa.*, 401 A.2d 1133 (Pa. 1979)]; *Stock* [*v. Stock*, 679 A.2d 760 (Pa. 1996)]; *Hanoverian*.  Consequently, th[e trial] court properly affirmed the BRT's decision to deny Appellant[s'] *nunc pro tunc* petition.

R.R. at 106.

Curiously, when Counsel made a similar argument during the trial court hearing, the trial court took a different stance:

> [Counsel:] So, at the very least, he was aware on **August 28**, **2018**[,] that his 2019 [Market Value A]ssessment was not $85,000[.00].  Because the assessment[s] are always set, by law, March 31st of the year prior.
>
> And, so, on March 31st of the year prior even -- whether that number is a new number, or was the number that he had already for 2017 and 2018, by signing this stipulation and receiving this order, that's a stipulation that makes it clear that 2019 is not part.  And the $85,000[.00] will not be the value.
>
> He was on notice, as of that moment.
>
> **THE COURT**: Well, it might have been.  But it might not have been.  It had no effect.

R.R. at 16 (emphasis added).

Notwithstanding, Appellants should not be penalized because their appeal was still pending at the time of the reassessment.  Because the County

6

reassessed the Property in 2018, the County was required to send notice to Appellants because the $400,000.00 Market Valuation Assessment was either an "increase[]" from the 2017 and 2018 agreed upon Market Valuation Assessment of $85,000.00, or a "decrease[]" from the County's Market Valuation Assessment of $569,000.00. 72 P.S. § 5341.10(a). Based on the record evidence, the County did not send Appellants notice.[9] The law is well settled that "[a] failure to properly send a notice may amount to a breakdown in operations which is the equivalent of negligence on the part of administrative officials." *Connor*, 598 A.2d at 612.

This Court cannot, on this record, conclude that because Appellants appealed from their 2017 Market Value Assessment, which resulted in a court-approved stipulation on August 28, 2018, for tax years 2017 and 2018, that they had notice on March 31, 2018, that their Property was reassessed at $400,000.00, for tax year 2019. Indeed, the opposite is more reasonable.[10] The delay here was caused

---

[9] While it may appear illogical to require the BRT to know that the agreed-upon Market Valuation Assessment would be less than $400,000.00, thereby requiring notice be sent to Appellants, before the amount was agreed thereto and reduced to an order, that is exactly the logic the trial court relies upon in suggesting that Appellants should have appealed the 2019 Market Valuation Assessment at the time their 2017 appeal was settled.

[10] The opposite is more reasonable given that Section 8854(a)(5) of the CCAL provides:

> If a taxpayer . . . has filed an appeal from an assessment, so long as the appeal is pending before the [BRT] or before a court on appeal from the determination of the [BRT], as provided by statute, the appeal will also be taken as an appeal by the appellant on the subject property for any valuation for any assessment subsequent to the filing of an appeal with the [BRT] and prior to the determination of the appeal by the [BRT] or the court. This provision shall be applicable to all pending appeals as well as future appeals.

53 Pa.C.S. § 8854(a)(5). Here, while the 2017 assessment appeal was pending before the trial court, but months before the parties settled, the OPA set the Property's Market Value Assessment for tax year 2019 at $400,000.00. Under the trial court's reasoning, Appellants were to assume that the BRT would ignore its own appraiser's valuation and assess their Property at $400,000.00; thus, requiring Appellants to file an appeal on the day the trial court adopted BRT and Appellants' stipulation. That is far from reasonable. *See Chartiers Valley Sch. Dist. v. Bd. of Prop.*

7

by the BRT failing to comply with its statutory requirement to notify Appellants of their Property's reassessment. Under these circumstances, the BRT was negligent in not mailing Appellants notice of their Property's reassessment. Appellants filed an appeal with BRT as soon as they received their 2019 Tax Bill, which was the first time they received notice that their Property had been reassessed. Accordingly, Appellants are entitled to *nunc pro tunc* relief.[11]

For all of the above reasons, the trial court's order is reversed, and this matter is remanded to the trial court with direction to remand to the BRT to permit Appellants to pursue a *nunc pro tunc* appeal.

_____
ANNE E. COVEY, Judge

---

*Assessment, Appeals and Rev.*, 622 A.2d 420, 426-27 (Pa. Cmwlth. 1993) ("[T]he automatic appeal provisions are intended to prevent duplicative appeals and consolidate these matters for trial . . . *not deprive the parties of an opportunity to be heard*.") (emphasis added).

[11] Appellants also argue that the Property's 2019 Market Value Assessment was automatically included in the scope of the 2017 appeal pursuant to Section 8854 of the CCAL. However, because Appellants did not raise that issue before the trial court, it is waived. *See* Rule 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of Ralph and Nina    :
Sposato,    :
                 Appellants    :
    :
          v.    :
    :
City of Philadelphia Board of    :    No. 135 C.D. 2020
Revision of Taxes    :

## O R D E R

AND NOW, this 5th day of March, 2024, the Philadelphia County Common Pleas Court's (trial court) December 10, 2019 order is REVERSED, and the matter is REMANDED to the trial court to remand to the City of Philadelphia Board of Revision of Taxes to permit Ralph and Nina Sposato to pursue a *nunc pro tunc* appeal consistent with this Opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge